FILED
CLERK

July 11, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ADRIENNE APUZZA,

                Plaintiff,

      -against-

NYU LANGONE LONG ISLAND,

             Defendant,

------------------------------------------------------------------X

### ORDER

22-CV-7519 (JMA)(JMW)

**A P P E A R A N C E S:**

Adrienne Apuzza
6 Yorkshire Road
New Hyde Park, NY 11040
*Proceeding Pro se*

Amy Joy Traub
**Baker Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
*Attorney for Defendant*

Carrie A. Valdez
**Baker & Hostetler LLP**
127 Public Square, Ste 2000
Cleveland, OH 44114
*Attorney for Defendant*

**WICKS,** Magistrate Judge:

      Before the Court is Defendant NYU Langone Long Island's ("NYU Langone") motion to stay discovery pending a decision on its anticipated motion to dismiss Plaintiff's Amended Complaint. (DE 40.) Plaintiff Adrienne Apuzza, proceeding *pro se*, resists the motion. (DE 41.) For the reasons that follow, Defendant's motion to stay discovery is granted.

# I.      BACKGROUND

Plaintiff brings this action against Defendant for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, stemming from alleged discrimination, and retaliation based on disability.  (DE 25-1 at 1.)  Plaintiff asserts the following violations of the ADA: (a) disability discrimination, (b) retaliation, and (c) non-job related medical inquiries, tests, and treatments -- all related to Defendant's Covid-19 policy.  (*See* DE 25-1.)  Defendant's pre-motion letter reflects that it seeks to dismiss Plaintiff's Amended Complaint in its entirety for failure to exhaust administrative remedies, as well as failure to state a claim under the ADA. (DE 27.)

Until September 2021, Plaintiff was employed as a healthcare worker by Defendant NYU Langone.  (DE 17 at 1.)  Defendant terminated Plaintiff for failing to adhere to its mandatory Covid-19 policy applicable to all employees, which was promulgated pursuant to a New York State Department of Health regulation requiring the same.  (*Id.*)  Plaintiff was given until September 29, 2021 to provide proof of vaccination or apply for a medical exemption.  (*Id.*) Plaintiff objected to Defendant's policy and was thereafter terminated for failing to comply.  (*Id.*)

Plaintiff filed the initial complaint on December 9, 2022.  (DE 1.)  Defendant was served on January 13, 2023.  (DE 6.)  The parties stipulated to extending Defendant's time to answer, move against, or otherwise respond to the complaint to on or before February 24, 2023.  (DE 8.) Defendant filed a motion for a pre-motion conference in anticipation of its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on February 24, 2023.  (DE 17.)  The parties appeared for an initial conference on April 17, 2023, at which time the Court entered a discovery schedule.  (DE 24.)  The parties stipulated to Plaintiff filing her amended complaint as the operative pleading without prejudice to Defendant filing its motion to dismiss against it.  (*Id.*)  The amended complaint was filed on June 20, 2023.  (DE 25-1.)

Defendant renewed its pre-motion conference request on May 9, 2023.  (DE 27.)  On June 7, 2023, the Court adopted the parties' proposed briefing schedule regarding Defendant's motion to stay discovery.  (Electronic Order dated June 7, 2023.)  Plaintiff then filed a contested motion for summary judgment, which appears in substance to be a motion for default judgment based on Defendant's purported failure to file an answer.  (DE 36; DE 44.)  The motion to stay was fully briefed and pending before the Court as of June 30, 2023.  (*See* DE 42.)

## II.  DISCUSSION[1]

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'"  *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  The filing of a dispositive motion in and of itself does not halt discovery obligations.  That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion.  *Weitzner v. Sciton, Inc.*, No.  2005- CV-2533, 2006 WL 3827422, at *1(E.D.N.Y. Dec. 27, 2006).  Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery.  *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006).

In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay."  *Id.* (citation omitted).

---

[1] The Court's consideration and analysis of arguments set forth in Defendant's pre-motion conference letter is purely for purposes of weighing the propriety of a stay. This analysis should not in any way be construed as the Court prejudging or predicting the outcome of the anticipated 12(b)(6) motion.

"Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Id.* (citation omitted).

"Upon a showing of good cause[,] a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Al Thani v. Hanke,* 20-CV-4765 (JPC), 2021 WL 23312, at *1 (S.D.N.Y. Jan. 4, 2021) (alteration in original) (quoting *Republic of Turkey v. Christies, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018)).  In assessing good cause, Courts look to "the particular circumstances and posture of each case." *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08-CV-2437 (RJS), 2008 WL 11510668, at *2 (S.D.N.Y. June 12, 2008) (quoting *Hachette Distrib., Inc. v. Hudson Cnty. News Co*., 136 F.R.D. 356, 358 (E.D.N.Y. 1991)).

**1.   Is There a Strong Showing that Plaintiff's Claims Are Unmeritorious?**

Though there is no pending motion to dismiss,[2] Defendant has requested a pre-motion conference in anticipation of its motion. (DE 27.)  A party may seek a stay based on a pre-motion conference request seeking to file an anticipated dispositive motion.  *See Separ v. County of Nassau*, No. 21-CV-00010 (DRH) (JMW), 2021 WL 2474263, at *1-4 (E.D.N.Y. June 17, 2021) (analyzing a motion to stay where a pre-motion conference request was pending).  As to the first factor, a stay is warranted where a defendant's motion "appears not to be unfounded in the law." *Gandler v. Nazarov*, No. 94-CV-2272 (CSH) 1994 U.S. Dist. LEXIS 17885, at *12 (S.D.N.Y. Dec. 13, 1994).   Defendant argues that Plaintiff's claims are time barred, and regardless, that Plaintiff fails to plausibly state claims for disability discrimination or retaliation.  (DE 40-1 at 3-7; DE 27.)

---

[2] Although the motion to dismiss has yet to be filed, Plaintiff has filed a motion for summary judgment (*see* DE 36 and 44), which is *sub judice.*

i.     *Timely EEOC Charge/Failure to Exhaust*

First, in New York, a plaintiff -- as a general matter -- must file a claim with the Equal

Employment Opportunity Commission ("EEOC") within 300 days of the alleged discriminatory

conduct to preserve the right to bring suit under the ADA.  *See Palummo v. St. Vincent's Med.*

*Ctr.*, 4 F. App'x 99, 101 n.1 (2d Cir. 2001) (summary order).  "Each incident of discrimination

and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful

employment practice,'" and "each discrete discriminatory act starts a new clock for filing

charges alleging that act."  *Nat'l Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 113–14

(2002); *see also Benjamin v. Brookhaven Sci. Assocs., LLC*, 387 F. Supp. 2d 146, 152 (E.D.N.Y.

2005) (dismissing one of three claims because the dismissed claim was not filed with the EEOC

within 300 days of the alleged conduct).  Plaintiff was terminated on September 30, 2021.  (DE

25-1 at ¶ 120.)  Plaintiff filed a formal charge on August 13, 2022, which is 316 days after her

termination.  (DE 25-1 at Ex. A-23.)  Defendant argues that this renders Plaintiff's charge

untimely.  (DE 40-1 at 4.)

Though the ADA requires a plaintiff to have filed a timely charge, a formal charge

written on a specific form is not necessarily required.  *See Price v. City of N.Y.*, 797 F. Supp. 2d

219, 227 (E.D.N.Y. 2011) (construing an intake questionnaire as a charge).  Instead, the Court

looks to "whether (1) Plaintiff provided the EEOC with the information required by the relevant

regulations, and (2) whether Plaintiff's informal complaint must be reasonably construed as a

request for the agency to take remedial action."  *Id*. (internal quotation marks omitted).

Plaintiff alleges that she filed a written charge, albeit not on a "Form 5" in December of 2021.

(DE 41 at 3.)  Plaintiff then received a blank "Form 5A" from the EEOC investigator assigned to

her case, and she wrote a letter telling him she already filed her complaint, and she further

requested a right to sue letter.  (*Id*.)  Seven months later, Plaintiff contacted the investigator again

and was sent a "Form 5" on which she states she copied the details of her previously filed informal complaint. (*Id*.) Thus, her informal complaint may be sufficient make her claims timely. *See Morales v. N.Y.S. Dep't of Labor Div. of Emp. Servs.*, No. 06-CV-899, 2007 WL 2874570, at *8 (N.D.N.Y. Sept. 27, 2007) (declining to dismiss Title VII claims on statute of limitations grounds because "[a]lthough the complaint revealed possible defects related to the timely filing requirement, [considering the plaintiff's allegations that she filed a timely informal letter] there exists an equally possible likelihood that [the plaintiff] can raise factual setoffs to [the defendant's] affirmative defense").

Thus, Defendant's argument on this ground is less persuasive, and it simply cannot be concluded -- based solely upon the pre-motion letters -- that Plaintiff's claims on this ground are unmeritorious. But there is more. A perscrutation of Defendant's remaining arguments, however, lead to a different conclusion.

> ii.    <u>*Discrimination and Retaliation Claims*</u>

Plaintiff asserts disability discrimination and retaliation claims under the ADA. To establish an ADA disability discrimination claim, a plaintiff must allege that: "(1) the employer is subject to the ADA; (2) the plaintiff is disabled within the meaning of the ADA or perceived to be so by [his or her] employer; (3) [her or she] was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; (4) [he or she] suffered an adverse employment action; and (5) the adverse action was imposed because of [his or her] disability." *Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015); *Williams v. N.Y.C. Dep't of Educ.*, No. 18-CV-11621, 2020 WL 906386, at *3 (S.D.N.Y. Feb. 25, 2020). And "[t]o state a claim for ADA retaliation, 'a plaintiff must allege that: (1) [he or she] engaged in an activity protected by the ADA; (2) the employer was aware of this activity; (3) the employer took an adverse employment action against [him or her]; and (4) a causal connection exists between

the alleged adverse action and the protected activity.'" *Robles v. Medisys Health Network, Inc.*, No. 19-CV-6651, 2020 WL 3403191, at *11 (E.D.N.Y. June 19, 2020)  (alterations omitted) (internal quotation marks omitted).

A disability under the ADA is defined as follows: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."  42 U.S.C. § 12102(1).  As relevant here, a plaintiff has a "record of" a disability when that plaintiff "has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities."  29 C.F.R. § 1630.2(k)(1).  A plaintiff is "regarded as" having a disability where that plaintiff "establishes that [he or she] . . . has been subjected to an action prohibited [under the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity."  42 U.S.C. § 12102(3)(A).

Plaintiff alleges she was "regarded as" disabled because Defendant treated her like she had Covid-19 or a suppressed immune system prone to contracting and transmitting dangerous diseases.  (DE 25-1 at ¶¶ 137-48.)  Plaintiff argues that she was "regarded as" disabled under the ADA because Defendant required her to take specific medical treatments in order to continue her employment, which in her view shows that Defendant assumed Plaintiff was impaired and needed to be treated.  (DE 41 at 4.)  Plaintiff also alleges Defendant made a "record of" her disability by, for example, classifying her as an "untreated" employee.  (DE 25-1 at ¶¶ 150-57.)  Plaintiff argues that Defendant made a "record of" her having a disability when Defendant misclassified her as impaired for not getting vaccinated and kept records of the same.  (DE 41 at 5.)

Defendant maintains that its contentions are undoubtedly grounded in the law considering that every federal court to have reached the issue in similar cases has concluded that Plaintiff's proffered theories are without merit.  Indeed, courts have rejected similar ADA claims that are premised on objections to uniform Covid-19 vaccination requirements.  Courts have found that a plaintiff is not "regarded as" disabled simply because their employer regarded them as being at risk of Covid-19 because this prong does not apply to transitory and minor impairments, and that a hospital does not misclassify a healthcare worker under the "record of" prong within the meaning of the ADA in requiring their employees to be vaccinated against Covid-19.  *See Sharikov v. Philips Med. Sys. MR, Inc.*, No. 22-CV-00326 (BKS) (DJS), 2023 WL 2390360, at *7, 9 (N.D.N.Y. Mar. 7, 2023) (rejecting ADA claims that employees subject to Covid-19 vaccination policies were "regarded as" having disabilities or that keeping track of unvaccinated employees meets the "record of" prong ); *see also Johnson v. Mount Sinai Hosp. Grp., Inc.*, No. 22-CV-2936 (AMD) (JRC), 2023 WL 2163774, at *3 (E.D.N.Y. Feb. 22, 2023) (rejecting similar ADA claims based on similar Covid-19 vaccination requirements), *motion for relief from judgment denied*, 2023 WL 3159233 (E.D.N.Y. Apr. 28, 2023);  *D'Cunha v. Northwell Health Sys.*, No. 1:22-CV-0988 (MKV), 2023 WL 2266520, at *5 (S.D.N.Y. Feb. 28, 2023) (rejecting ADA claims where plaintiff maintained that she was "regarded as" having an impairment based on her risk of developing Covid-19 in the future); *Newell v. State Univ. of New York Westchester Cmty. Coll.*, No. 22-CV-08524 (PMH), 2023 WL 4082030, at *3 (S.D.N.Y. June 20, 2023) (collecting cases within this circuit rejecting the notion that an employer's Covid-19 polices satisfied the "regarded as" prong).

Plaintiff also alleges that non-job-related medical examinations and treatments violated her rights under the ADA because it is unlawful for an employer to inquire about whether an employee has a disability or regarding the nature and severity of the disability unless it is related

to job-functions.  (*See* DE 25-1 at ¶¶ 158-88.)  Plaintiff alleges that Defendant deployed, *inter alia*, symptom surveys, regular testing, and vaccine status checks.  (*Id*.)  However, courts have rejected the notion that testing and medical inquiries related to Covid-19 violate the ADA.  *See, e.g.*, *Sharikov*, 2023 WL 2390360, at *16 ("The Court further concludes that the daily screenings, temperature checks, COVID-19 testing at customers' requests, and vaccination attestations, was a reasonably effective method of achieving the employer's goal of preventing the spread of COVID-19 in the workplace and ensuring the safety of its employees." (internal quotation marks omitted)).

Moreover, Plaintiff alleges that after being notified about Defendant's mandatory Covid-19 policy, she arranged to meet with human resource representatives and raised her objections. (DE 25-1 at ¶¶ 96-100.)  This renders Plaintiff's retaliation claim deficient since Defendant's Covid-19 policy, not her protected activity, was the reason for Plaintiff's termination.  *Johnson*, 2023 WL 2163774, at *7 ("[T]he defendant adopted its policies before the plaintiff objected to vaccinations and masking."); *see also Speaks v. Health Sys. Mgmt., Inc.*, No. 22-CV-77, 2022 WL 3448649, at *6 (W.D.N.C. Aug. 17, 2022) ("[I]t is clear that the policy – which was undisputedly the grounds for Speaks' termination when she chose to remain unvaccinated – was enacted before Speaks spoke up in opposition to the vaccination requirement. Therefore, it is not reasonable to infer that there was a causal connection between her criticism of the policy and her termination.").  Thus, Defendant has launched what appear to be meritorious arguments against Plaintiff's claims.

Accordingly, Defendant has, at least through the pre-motion letter, demonstrated Plaintiff's claims to be unmeritorious.  Accordingly, this factor strongly favors a stay of discovery.

## 2.   The Breadth and Burdens of Discovery

As to the second factor, the breadth of discovery and the burden of responding to it, Defendant argues discovery would be contentious and burdensome.  This case is in its infancy with discovery only at the starting line.  Paper discovery is far from complete give that the parties' deadline to respond to each other's discovery requests is not until August 31, 2023, and depositions have not been taken yet -- leaving a lot to be done.  Defendant argues that the discovery Plaintiff has signaled she will seek is immaterial, and, *inter alia*, disputes around the proper parameters for discovery, coupled with the costs of seeking documents from the EEOC to rebut Plaintiff's claims would be unduly burdensome.  (DE 40-1 at 12; DE 42 at 2.)

Indeed, if Defendant's motion to dismiss is granted in its entirety, a contentious and expensive discovery process would be in vain.  *See Vida Press v. Dotcom Liquidators, Ltd.*, No. 22-CV-2044 (HG) (JMW), 2022 WL 17128638, at *2 (E.D.N.Y. Nov. 22, 2022) ("[T]he second factor favors a stay as the breadth of discovery and corresponding burden of responding would prejudice Defendant if its motion to dismiss is indeed granted.").

Accordingly, this factor favors a stay of discovery.

## 3.   Prejudice to Plaintiff

As to the third factor, the risk of unfair prejudice to the party opposing the stay, plaintiff argues that she would certainly be prejudiced by the stay.  Plaintiff states that although she has served written answers and objections to Defendant's discovery requests as of June 14, 2023, Defendant purposefully filed a motion to stay so it did not have to provide its responses to plaintiff's requests.  (DE 41 at 10.)  This argument is unavailing.

The filing of a motion to stay does not itself stay the case pending resolution of the motion.  Thus, the parties are obligated to adhere to the scheduling order issued on April 17, 2023, as amended by the Court's June 21, 2023 Order, which deemed Plaintiff's service of her

10

first set of interrogatories and document demands timely. (Electronic Order dated June 21, 2023.) Pursuant to that schedule, responses to discovery requests are due August 31, 2023. (DE 24.) But Plaintiff has been aware of the deadlines for service of and responses to discovery requests, and Defendant's intention to file a motion to stay, since April 17, 2023. (DE 24.)

Plaintiff provided her discovery responses on June 14, 2023, fully aware of the briefing schedule on Defendant's motion to stay that was adopted on June 6, 2023. Plaintiff cannot now claim prejudice if Defendant's motion is granted prior to its responses being provided. Nonetheless, Plaintiff has not identified any real prejudice that would result from a stay of discovery pending Defendant's motion to dismiss. Even if Plaintiff's claims survive the motion, discovery would resume and Defendant would be obligated to provide, *inter alia*, paper discovery in the normal course of the litigation. Defendant is under a duty to preserve any documents and electronically stored information. Notably, no difference would have been made to Plaintiff's ability to prosecute her case, Defendant would not have obtained any unfair advantage, and Plaintiff would not have incurred any additional expenses.

Finally, the Court notes that throughout her opposition Plaintiff makes fanciful and conclusory arguments about the District Court's bias toward ADA cases and apparently toward her, and about an alleged scheme to make ADA cases unappealable by staying discovery. (DE 41 at 11.) In any event, Plaintiff's arguments are wholly without merit. (*Id*.)

Accordingly, weighing all of the relevant factors, the Court finds that a stay of discovery is warranted.

## III.    CONCLUSION

Based upon the foregoing, good cause exists warranting a stay of discovery pending the

outcome of Defendant's anticipated Rule 12(b)(6) motion.  Therefore, the motion to stay (DE 40)

is hereby granted and discovery is stayed until the resolution of Defendant's anticipated motion

to dismiss.

Dated: Central Islip, New York
      July 11, 2023

S O   O R D E R E D:

/s/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

12