UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Adrienne Apuzza,<br><br>                              Plaintiff,<br><br>            -v-<br><br>NYU Langone Long Island,<br><br>                              Defendant. | 2:22-cv-7519<br>(NJC) (JMW) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, District Judge:

On December 29, 2023, I granted Defendant NYU Langone Long Island's ("NYU Langone") motion to dismiss the Amended Complaint in this action with prejudice. (Dismissal Order, ECF No. 53; Am. Compl., ECF No. 25-1.) I now consider a Motion to Vacate the Dismissal Order and Judgment ("Motion to Vacate") filed by pro se Plaintiff Adrienne Apuzza ("Apuzza"), pursuant to Rules 60(b)(1), (4) and (6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). (Mot., ECF No. 55.) For the following reasons, I deny the Motion to Vacate.

**BACKGROUND**

The Dismissal Order is incorporated by reference, and familiarity with it is presumed. *See e.g. Williams v. Nat'l R.R. Passenger Corp. (Amtrak)*, No. 18-cv-7070 (DLC), 2019 WL 3423267, at *1 (S.D.N.Y. July 30, 2019) (incorporating by reference prior recitations of procedural history and facts). Consequently, I recite only those facts necessary to resolve the Motion to Vacate.

The Amended Complaint alleges that NYU Langone, Apuzza's former employer of thirty-five years, discriminated and retaliated against her on the basis of an alleged disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, when it terminated Apuzza's employment after she refused to get vaccinated against COVID-19. (Dismissal Order at 1–2.) On October 16, 2023, NYU Langone moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6). (ECF No. 52.) I dismissed the Amended Complaint with prejudice on December 29, 2023, and the Clerk entered judgment on February 9, 2024. (Dismissal Order; ECF No. 54, as amended on February 21, 2024, ECF No. 56.)

Also on February 9, 2024, Apuzza filed the Motion to Vacate. (Mot.) On February 23, 2023, NYU Langone opposed the Motion, and Apuzza filed a notice of appeal of the Court's Dismissal Order.[1] (Def.'s Br. ISO Opp'n to Pl.'s Mot. ("Opp'n Br."), ECF No. 57; Not. of Appeal, ECF No. 58.)

In the Dismissal Order, I found that the Amended Complaint failed to state a claim for relief for Apuzza's discrimination, retaliation, and other claims under the ADA. (*See generally* Dismissal Order.) Regarding the discrimination claim, I found that the Amended Complaint failed to plausibly allege a qualifying disability under the "record of" and "regarded as" prongs

---

[1] Although Apuzza filed an appeal of the Dismissal Order after filing the Motion to Vacate in this Court, the Court retains jurisdiction to decide this Motion. *Johnson v. Mount Sinai Hosp. Grp., Inc.*, No. 22-CV-2936, 2023 WL 3159233, at *2 (E.D.N.Y. Apr. 28, 2023) (citing *Am. Transit Ins. Co. v. Bilyk*, 514 F. Supp. 3d 463, 471 (E.D.N.Y. 2021) ("[W]here, as here, the notice of appeal is filed while a timely filed motion for reconsideration is pending, the trial court retains jurisdiction over the post-judgment motion, and the notice of appeal does not become effective until entry of an order disposing of the motion.")); *see also* Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment – but before it disposes of any motion listed in Rule 4(a)(4)(A) – the notice becomes effective to appeal a judgment or order . . . when the order disposing of the last such remaining motion is entered."); Fed. R. App. P. 4(a)(4)(A)(iv) (motion to alter or amend the judgment under Rule 59 or for relief under Rule 60 listed as qualifying post-judgment motion).

of the ADA. (*Id.* at 5–6.) I also found that the Amended Complaint did not plausibly allege that Apuzza was "regarded as" having a disability by NYU Langone because "[w]hether Apuzza's alleged impairment is the (1) present 'on-going condition of contagiousness,' or the (2) future risk of developing COVID-19, Apuzza's argument that NYU Langone 'regarded her' as disabled fails because she admits that her argument is premised on the notion that NYU Langone regarded *all* of its employees as having that condition." (*Id.* at 8.) I further found that the Amended Complaint could not allege that NYU Langone regarded Apuzza as at risk of developing COVID-19 in the future because "the ADA does not cover future impairments." (*Id.* at 9–10.) I also found that the Amended Complaint failed to plausibly allege a qualifying disability under the "record of" prong because "making a record that a person was unvaccinated does not qualify as recording them 'as having an "impairment" that limited one of their major life activities.'" (*Id.* at 10.) Additionally, I found that the Amended Complaint failed to allege "specific facts making it plausible that [Apuzza's] impairment substantially limited one or more major life activities as required by the [ADA,]" and therefore failed to plausibly allege that she was "disabled under the 'record of' prong of the ADA." (*Id.* at 11.)

I also dismissed the retaliation claim for the Amended Complaint's failure to allege causation because NYU Langone's vaccine mandate requiring termination of noncompliant employees was already in place prior to Apuzza's opposition to the policy. (*Id.* at 12–13.)

Finally, I dismissed the additional ADA claims in the Amended Complaint. First, I found that the direct threat and accommodations claims failed because Apuzza did not plausibly allege a qualifying disability. (*Id.* at 14–15.) Second, I found that the improper medical inquiries and medical privacy claims failed because the ADA does not prohibit inquiries about vaccine status and, again, because the Amended Complaint did not plausibly allege a qualifying disability that

3

would trigger the ADA's non-disclosure duty. (*Id.* at 15–17.) The remaining claims that the vaccine mandate violates public health laws and that "the policy attempts to overcome established rights that form the bedrock of modern society" were irrelevant to the discrimination and retaliation claims in the Amended Complaint and failed for lack of plausible factual and legal support. (*Id.* at 17–18 (quotation marks omitted).)

After dismissing the claims in the Amended Complaint, I denied leave to amend as futile. (*Id.* at 18.)

## STANDARD OF REVIEW

Rule 60(b) permits a party to seek relief from a district court's order or judgment because "(1) [of] mistake, inadvertence, surprise, or excusable neglect; . . . (4) the judgment is void; . . . or (6) any other reason that justifies relief" among other reasons. Fed. R. Civ. P. 60(b). Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quotation marks omitted). The decision to grant "a party's Rule 60(b) motion is committed to the sound discretion of the district court. . . ." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (quotation marks omitted). "A Rule 60 motion may not be used 'simply to relitigate matters settled by the original judgment.'" *MAVL Capital, Inc. v. Marine Transp. Logistics, Inc.*, 771 F. App'x 56, 57 (2d Cir. 2019) (quoting *Donovan v. Sovereign Sec., Ltd.*, 726 F.2d 55, 60 (2d Cir. 1984)). "Although a pro se motion is read liberally and interpreted to raise the strongest arguments suggested, a pro se litigant is not excused from the requirement of producing highly convincing evidence to support a Rule 60(b) motion." *Rowe v. Cenlar FSB*, No. 19CV07278JMAAYS, 2022 WL 3682302, at *3 (E.D.N.Y. Aug. 25, 2022), *aff'd*, No. 22-1870, 2023 WL 6873092 (2d Cir. Oct. 18, 2023) (quotation marks omitted).

## DISCUSSION

Apuzza argues that she is entitled to vacatur of the Dismissal Order under Rules 60(b)(1), (4), and (6). Because the Motion to Vacate fails to make the required showings under all three subsections, the Motion is denied.

### I.     Apuzza Is Not Entitled to Relief Under Rule 60(b)(1)

Apuzza is not entitled to relief under Rule 60(b)(1) because she has not demonstrated that I overlooked any legal or factual issue that would have altered my decision. Apuzza argues that I "made a factual mistake and . . . failed to apply the relevant legal pleading standard" for her "regarded as" claim by not considering the Amended Complaint's allegations of adverse actions taken against her. (Mot. at 1.) She claims that because she "refused the treatments imposed by the COVID policy," NYU Langone "regarded" her as "a health and safety threat," and "that adverse actions were taken against her once she refused treatment for an undiagnosed condition (the perceived disability)." (*Id.* at 2.) Apuzza also contends that I ignored her claim that NYU Langone demanded she undergo various medical treatments for an undiagnosed condition as a new condition of employment in violation of the ADA, and that improper medical inquiries were a new "discriminatory qualification standard." (*Id.* at 5, 7.)

Rule 60(b) permits a party to seek relief from a district court's order or judgment because of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Under this provision, a district court may correct its own mistakes that are of a substantive legal nature and its own mistake[s] of fact." *Castro v. Bank of N.Y. Mellon as Trus. for Certificate Holders of CWalt Inc. et al.*, 852 F. App'x 25, 28 (2d Cir. 2021) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977) and *Gey Assocs. Gen. P'ship v. 310 Assocs. (In re 310 Assocs.)*, 346 F.3d 31, 35 (2d Cir. 2003)) (quotation marks and citations omitted). "Dissatisfaction with a judgment does not sufficiently justify an allegation of mistake under Rule 60(b)(1)." *Hamilton v.*

5

*Lee*, 188 F. Supp. 3d 221, 238 (E.D.N.Y. 2016). Additionally, Rule 60(b)(1) "will not provide a movant an additional opportunity to make arguments or attempt to win a point already carefully analyzed and justifiably disposed." *Id.* (quoting *In re Bulk Oil (USA) Inc.*, Nos. 93-CV-4492, 4494, 2007 WL 1121739, at *10 (S.D.N.Y. Apr. 11, 2007)) (quotation marks omitted).

Contrary to Apuzza's assertions, I applied the correct legal standard to Apuzza's Amended Complaint. As I addressed in the Dismissal Order, a plaintiff must plead facts that plausibly show *all* of the following elements in order to establish a prima facie case of disability discrimination under the ADA:

> (1) the employer is subject to the ADA; (2) the plaintiff is disabled within the meaning of the ADA or perceived to be so by [the plaintiff's] employer; (3) [the plaintiff] was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; (4) [the plaintiff] suffered an adverse employment action; and (5) the adverse action was imposed because of [the plaintiff's] disability.

(Dismissal Order at 5 (quoting *Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015).) The ADA defines a "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." (*Id.* at 5–6 (quoting 42 U.S.C. § 12102(1)).) Because I found that the Amended Complaint failed to plausibly allege one of the required elements of disability discrimination—namely, that Apuzza was disabled within the meaning of the ADA—I was not required to consider Apuzza's allegations of adverse action. Moreover, I addressed Apuzza's arguments about being forced to undergo medical treatments as a condition of employment in the Dismissal Order. (Dismissal Order at 15–16 (citing *Johnson v. Maximus Services LLC*, No. 22-CV-2935, 2023 WL 5612826, at *5 (E.D.N.Y. Aug. 30, 2023) (dismissing claim because inquiries into plaintiff's vaccination status could only reveal "the plaintiff's vaccination status or a temporary Covid-19 infection, neither of which is a disability under the

6

ADA")).) Apuzza's "[d]issatisfaction" with the Court's "judgment does not sufficiently justify an allegation of mistake under Rule 60(b)(1)." *Hamilton*, 188 F. Supp. 3d at 238.

Additionally, each of the holdings in the Dismissal Order accords with the Second Circuit's recent ruling in *Sharikov v. Philips Medical Systems MR, Inc.*, that an employer does not regard its employee as disabled when it orders the employee to comply with company-wide COVID-19 mitigation measures, nor does the policy constitute a "record of" that employee's having a disability. 103 F. 4th 159, 168–70 (2d Cir. 2024). With respect to the plaintiff's discrimination argument under the "regarded as" prong, the Second Circuit reasoned that:

> to be perceived as having a disability, one must be perceived as different from most people in the general population. [The defendant] required <u>all</u> employees (other than those who received a religious or medical accommodation) to be vaccinated, and so [the plaintiff] was not singled out because of any perception that he had an impairment that substantially limited him as compared to others.

*Id*. at 168; *accord* Dismissal Order at 8 ("Apuzza's argument that NYU Langone 'regarded her' as disabled fails because she admits that her argument is premised on the notion that NYU Langone regarded *all* of its employees as having that condition."). With respect to the plaintiff's discrimination argument under the "record of" prong, the Second Circuit held that the plaintiff failed to allege a history of any such impairment or that he was recorded or classified as having such impairment. *Sharikov*, 103 F. 4th at 169. It further noted that "[a] record that an employee is not vaccinated does not imply that the employee has 'a history of an impairment that substantially limited one or more major life activities when compared to most people in the general population.'" *Id.* at 170; *accord* Dismissal Order at 10 ("making a record that a person was unvaccinated does not qualify as recording them as having an impairment that limited one of their major life activities") (quotation marks omitted). The Second Circuit also dismissed the plaintiff's retaliation claim for failure to plead a causal connection between his protected activity (complaints about the COVID-19 policy) and the adverse action against him (his termination),

7

reasoning that because the policy applied to all employees before the alleged protected activity, plaintiff failed to plausibly allege "a connection between his invocations of the ADA and his termination." *Sharikov* at 171; *accord* Dismissal Order at 12 ("Apuzza fails to meet the required causation showing because NYU Langone's vaccine mandate, requiring termination of noncompliant employees, was already in place and being implemented when Apuzza engaged in the allegedly protected activity of objecting to it.").

The fact that the Dismissal Order in this action is in line with the Second Circuit's rulings in *Sharikov* underscores that I did not err in my analysis in the Dismissal Order and, as a result, that Apuzza is not entitled to relief under Rule 60(1)(b).

## II.   Apuzza Is Not Entitled to Relief Under Rule 60(b)(4)

Apuzza is not entitled to relief under Rule 60(b)(4) because the Motion to Vacate fails to show that I reached my decision in the Dismissal Order in manner that is inconsistent with due process of law as required under that subsection. Apuzza argues that she was denied due process because the Dismissal Order "repeatedly relied on dicta . . . quoted from cases which are not holdings and which are currently being appealed," and because the Dismissal Order purportedly failed to accept as true the facts pled in the Amended Complaint. (Mot. at 3–4, 7.)

Pursuant to Rule 60(b)(4), a district court may vacate a final judgment where the judgment is void. Fed. R. Civ. P. 60(b)(4). Under this rule, a judgment is void "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Sanchez v. MTV Networks*, 525 F. App'x 4, 6 (2d Cir. 2013) (quoting *Grace v. Bank Leumi Tr. Co. of New York*, 443 F.3d 180, 193 (2d Cir. 2006)) (quotation marks omitted). A judgment is "void for jurisdictional error, only when the court plainly usurped jurisdiction . . . i.e., when there is a total want of jurisdiction and no arguable

basis on which the district court could have rested a finding that it had jurisdiction." *Sanchez*, 525 F. App'x at 6 (citing *Cent. Vt. Pub. Serv. Corp. v. Herbert,* 341 F.3d 186, 190 (2d Cir. 2003)) (quotation marks and brackets omitted). "A procedural due process violation renders a judgment void only where such a violation is fundamental, and deprives a party of notice or the opportunity to be heard." *Sanchez*, 525 F. App'x at 6 (citing *United States Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2015)) (quotation marks omitted).

Apuzza's arguments do not implicate the Court's jurisdiction, nor do they suggest that she was deprived of notice or an opportunity to be heard.[2] Rather, she argues that I reached the wrong conclusions in assessing the Amended Complaint.[3] Because "[a]

---

[2] Apuzza's argument about dicta misunderstands the role of binding and persuasive authority in a court's legal analysis. Dicta refers to a comment or opinion that is not essential to the holding in a case, but may be considered persuasive. *Dicta*, Black's Law Dictionary (12th ed. 2024). "[W]hile Judges should be careful not to accept a prior court's dictum as binding law, there is value in dicta such as clarifying complicated subject areas and assisting future courts to reach sensible, well-reasoned results." *Dunnegan v. 220 E. 54th St. Owners, Inc.*, No. 20 CIV. 2418 (GBD), 2021 WL 1910723, at *3 (S.D.N.Y. May 12, 2021) (quotation marks omitted). Additionally, although "the decisions of other district courts, including decisions from the same district, . . . are not binding on other district courts," they may still be "relevant and persuasive." *Sinkler v. Berryhill*, 317 F. Supp. 3d 687, 690 (W.D.N.Y. 2018) (quotation marks and citation omitted). Accordingly, there is nothing improper about the Dismissal Order's citations to the holdings and reasoning of numerous district court cases dismissing ADA claims brought against various employers' enforcement of COVID-19 vaccination policies. (*See* Dismissal Order at 9–17.)

[3] In support of her argument that I incorrectly applied the legal standard for an "actual" disability claim rather than the standards applicable to a claim based on "perceived disability," Apuzza points to the Dismissal Order's citation to *Earl v. Good Samaritan Hosp. of Suffern*, No. 20-CV-3119, 2021 WL 4462413, at *6 (S.D.N.Y. Sept. 28, 2021). (Mot. at 5.) Apuzza argues that *Earl* is inapposite because the plaintiff in that case had an actual disability whereas Apuzza argues that "her employment was adversely affected because she declined to be treated for an undiagnosed condition." (*Id.*) This argument misreads *Earl*. In that case, the plaintiff's ADA and Rehabilitation Act claims were based on three distinct allegations: 1) that COVID-19 caused the plaintiff to have limited taste and smell; 2) that the hospital considered him infectious after he recovered from COVID-19; and 3) that the plaintiff suffered from chronic kidney disease. 2021 WL 4462413 at *5–6. The Dismissal Order referenced the allegation in *Earl* that the defendant hospital discriminated against the plaintiff based on his potential to infect others with COVID-19 *after* his return to work, not based on his alleged chronic kidney disease. (Dismissal Order at 9.)

9

judgment is not void . . . simply because it is or may have been erroneous," *Espinosa*, 559 U.S. at 271 (quotation marks omitted), the Motion to Vacate fails to establish that Apuzza is entitled to relief under Rule 60(b)(4).

### III.  Apuzza Is Not Entitled to Relief Rule 60(b)(6)

Apuzza is not entitled to relief under Rule 60(b)(6) because the Motion is premised on grounds covered by Rule 60(b)(1). Rule 60(b)(6) is "a catch-all provision that is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 143 (2d Cir. 2020) (quotation marks omitted). "Rule 60(b)(1) and Rule 60(b)(6) are mutually exclusive, such that any conduct which generally falls under the former cannot stand as a ground for relief under the latter." *Stevens*, 676 F.3d at 67 (quotation marks omitted). As a result, if "a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed." *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 359 (2d Cir. 2023) (quotation marks omitted).

Here, Apuzza is not entitled to relief under Rule 60(b)(6) because the Motion is premised on the argument that the Court erred in the Dismissal Order. (*See* Mot. at 1 ("The objection is also brought under FRCP 60(b)(6) because given the foregoing errors, relief is certainly justified.").) Even if the Court considered Apuzza's Motion under Rule 60(b)(6), the Motion fails to show extraordinary circumstances justifying relief or that the judgment may work an extreme and undue hardship. "[A] claim that the decision was wrong [is] not sufficiently extraordinary" to warrant relief under Rule 60(b)(6). *United Airlines, Inc. v. Brien*, 588 F.3d 158, 177 (2d Cir. 2009); *see also Green v. Phillips*, 374 Fed. App'x. 86, 88–9 (2d Cir. 2010) ("Mere disagreement

with the district court's underlying judgment does not present extraordinary circumstances or extreme hardship.").

## CONCLUSION

For the foregoing reasons, Apuzza's Motion to Vacate (ECF No. 55) is denied. The case remains closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should Apuzza seek in forma pauperis status for the purpose of an appeal, any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
July 23, 2024

SO ORDERED.

*/s/ Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge

11